**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARINE BARSEGYAN, et al., | Case No. CV 18-4942 FMO (SKx) |
| Plaintiffs, | |
| v. | **ORDER REMANDING ACTION** |
| SAFECO INSURANCE COMPANY OF AMERICA, et al., | |
| Defendants. | |

On May 1, 2018, plaintiffs Marine and Armen Barsegyan, (collectively, "plaintiffs"), filed a Complaint in Los Angeles Superior Court against defendants Safeco Insurance Company of America and First National Insurance Company of America, (collectively, "defendants"), for (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; and (3) violation of Cal. Bus. & Prof. Code §§ 17200 et seq. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 2 & Exhibit ("Exh.") A, Complaint). On May 4, 2018, defendants were served with the Complaint and on June 4, 2018, defendants removed the Complaint on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See Dkt. 1, NOR at ¶¶ 1, 3).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears

affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendants] must demonstrate that original subject-matter jurisdiction lies

---

[1] Given Congress' intent to facilitate adjudication of certain class actions in federal court, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Company, LLC v. Owens, 135 S.Ct. 547, 554 (2014).

2

in the federal courts." Syngenta Crop Protection, 537 U.S. at 33, 123 S.Ct. at 370. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

The court's review of the NOR and the attached Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.[2] See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted). In other words, plaintiffs could not have originally brought this action in federal court, as plaintiffs do not competently allege facts supplying diversity jurisdiction. See 28 U.S.C. § 1332(a).[3]

Here, defendants allege that they are incorporated and have their principal places of business in New Hampshire, (see Dkt. 1, NOR at ¶¶ 7-8), and that plaintiffs are individuals "residing in the County of Los Angeles, State of California." (Id. at ¶¶ 5-6; Exh. A, Complaint at ¶¶ 3-4). But "the diversity jurisdiction statute . . . speaks of citizenship, not of residency[,]" so "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." In re Anthem, Inc., 129 F.Supp.3d 887, 893 (N.D. Cal. 2015) (quoting Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001)). Allegations of residency are insufficient to establish citizenship, and defendants' "failure to specify Plaintiffs' state citizenship [i]s fatal to Defendants' assertion of diversity jurisdiction." Kanter, 265 F.3d at 858; see also Hester v. NDEX West LLC, 2016 WL 7167898, *2-3 (C.D. Cal. 2016) ("[R]esidence is not the same as citizenship. Therefore, the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship."); Glassical Creations, Inc. v. Canter, 2015 WL 4127912, *5 (C.D. Cal. 2015)

---

[2] Defendants seek only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

[3] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

3

("It is possible that the defendants are residents of California, since the property in question is located in California and they are alleged to be in possession of it. Even if this is the case, a party's residence does not determine his or her citizenship for purposes of diversity jurisdiction. [¶] The court therefor cannot exercise diversity jurisdiction over the action."). Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendants have met their burden. Therefore, there is no basis for diversity jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Los Angeles Superior Court, 111 N. Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 28th day of June, 2018.

/s/
Fernando M. Olguin
United States District Judge